Jones .v. Hacker.

---

No. 21,841.

## A. F. JONES and E. L. SHAW, *Appellants,* v. JOHN HACKER, *Appellee.*

### SYLLABUS BY THE COURT.

1. BUILDING—*Lateral Support—Excavation on Adjoining Lot—Easement.* The owner of a building has no natural easement for the lateral support of the land of an adjoining owner. The obligation rests upon him to shore or protect his building on notification or knowledge that the adjacent proprietor intends to make an excavation; and where there is no statutory or contractual obligation, one who exercises reasonable care and skill in excavating on his own land is not liable for injuries resulting to buildings on adjoining land.

2. SAME—*Lateral Support—Excavation—Instruction.* In an action to recover damages to the building of the plaintiffs caused by an excavation made by the defendant on his adjoining lot, it was not error to instruct that if plaintiffs had notice or knowledge that the excavation was to be made, defendant had the right to excavate the full length of his lot and was not required to remove the dirt in his excavation in sections, provided he used ordinary care and skill in making the excavation.

3. SAME—*Findings—Not Inconsistent.* The special findings examined, and held not to be inconsistent with each other or with the general verdict.

Appeal from Pratt district court; GEORGE L. HAY, judge. Opinion filed February 8, 1919. Affirmed.

*William B. Hess,* of Pratt, *C. H. Brooks,* and *J. D. Houston,* both of Wichita, for the appellants.

*William Barrett,* and *L. G. Turner,* both of Pratt, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The defendant was erecting a building on his lot in the city of Pratt, and the excavation for the foundation caused the wall of plaintiffs' two-story brick building on the ad-

joining lot to fall. The action was to recover the damages. The verdict was for defendant, and he was given judgment for costs. Plaintiffs appeal.

The negligence charged was the defendant's failure to make his excavation in short sections along the margin of his lot line, his failure to provide lateral supports for plaintiffs' wall as the excavation progressed and the danger to the structure became apparent. It was further alleged that defendant carelessly permitted water to accumulate and remain on his premises and thereby caused the soil of plaintiffs' lot to become soft and unsubstantial.

The answer alleged that plaintiffs well knew of the defendant's intention to make the excavation and what its depth was to be; that the place of business of one of the plaintiffs was on the adjoining lot, and he was present as the work progressed, but that he made no effort to protect the building from injury that might be caused by the excavation.

Complaint is made of an instruction which charged that if plaintiffs had notice or knowledge that the excavation was to be made, the defendant had the right to excavate the full length of his lot, and was not required to remove the dirt in his excavation by piecemeal or in sections, provided he used ordinary care and skill in making the excavation. The refusal to give the following instruction is complained of:

"For the purpose of determining the question of negligence the usual custom of making excavations by skilled persons under like circumstances may be considered along with all the facts and circumstances of the case."

The plaintiffs had introduced evidence tending to show that one method adopted by skillful persons for the protection of an adjoining wall in such circumstances is to have the excavation made in short sections, leaving the earth in the intervening portions to support the adjoining wall until the foundation is constructed in the sections which have been excavated.

In answer to special questions, the jury made findings that the excavation caused plaintiffs' building to fall; that the defendant had no improper motive in making the excavation on his own lot; that plaintiffs knew the nature and extent of the excavation, but took no steps toward shoring up their own building or otherwise protecting it from danger; and that there

Jones v. Hacker.

was no contract or agreement between the parties whereby plaintiffs' wall should be protected by the defendant.

The instructions, and the theory upon which the trial court proceeded, accord with the doctrine of *Winn v. Abeles,* 35 Kan. 85, 10 Pac. 443, in which it was declared:

"While an owner is entitled to claim that his land shall have the lateral support of the soil of the adjoining land, this right is limited to the soil in its natural condition, and does not include anything which may be placed thereon which sensibly increases the burden." (syl. ¶ 2.)

"The fact that a land-owner has erected a building upon the verge of his lot will not preclude an adjacent lot-owner from excavating to the usual depth, and to the extreme limits of his lot, preparatory to the erection of a building thereon, nor make him liable for any damage thereby occasioned to his neighbor's building, providing the excavation is made with reasonable skill and caution, and with no improper motive." (syl. ¶ 3.)

The owner of a building has no natural easement for the lateral support of the land of an adjoining owner. The obligation rests upon himself to shore or protect his building on notification or knowledge that the adjacent proprietor intends to make an excavation; and where there is no statutory or contractual obligation, one who excavates on his own land and who exercises reasonable care and skill is ordinarily not liable for injuries resulting to buildings on adjoining land. And it has been held that the obligation resting upon him to use ordinary care and skill in the work is not affected by the fact that the building on the adjoining premises is poorly constructed. (*Jamison v. Myrtle Lodge,* 158 Ia. 264; *Moore v. Anderson,* 5 Boyce [Del.], 477; *Cooper v. Altoona C. C. & S. Co.,* 231 Pa. St. 557.) In the latter case it was said:

"The owner of the lot on which the excavating was done had the unquestioned right to do, or have done, all that was done. He could not disturb the land of the adjoining owner by withdrawing lateral support, but if he did, the damages resulting would only be for injury to the land and not to the building. Cooper was bound in law to support and protect his own building. The excavator on the adjoining lot was only bound to use due care so as not to negligently or carelessly inflict an injury upon the property of his neighbor." (p. 560.)

What is ordinary skill and care in the excavating and attendant work depends on the circumstances of each particular case and is a question for the jury.

The plaintiffs in the present case, with knowledge of the

progress of the work of excavating, stood by and did nothing to protect their own property, and their contributory negligence would prevent a recovery. (*Jamison v. Mrytle Lodge,* supra.)

The apparent inconsistencies in the special findings disappear. Findings 15 and 16, in effect, are that the excavation in defendant's lot was carried on in the usual and ordinary manner adopted by persons skilled in such work, although none of the usual and ordinary measures were adopted by the defendant on the day the building collapsed. Under the law, as the jury were instructed, no obligation rested upon the defendant to take the usual and ordinary methods to protect plaintiffs' building. Finding 19, that if the wall had been properly braced the excavation would not have caused the building to fall, is perfectly consistent with all the findings and the general verdict; while finding 20, to the effect that making the excavation on the day the building fell was not a prudent or careful procedure "considering the condition of plaintiffs' wall at the time, without having taken proper steps to prevent the wall from falling," is a slap at the plaintiffs, whose duty it was to protect their building, and the finding is consistent with the other findings and the verdict.

Besides, the theory upon which plaintiffs tried their case was not that defendant had failed to exercise ordinary care in the manner in which the work was done, but that he was under obligation to take affirmative steps to prevent injury to their property resulting from the excavation of the trench. This is apparent from the character of the evidence relied upon, the instructions of which complaint is made, and the theory stated in the petition.

No error appears in the record, and the judgment is affirmed.